**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **YOUSEF ALHINDI,** ***individually and on behalf of all others similarly situated,***<br><br>**Plaintiff,**<br>**v.**<br><br>**SANITAS USA, INC., MEHARRY HEALTH NETWORK, P.C., and GUIDEWELL-SANITAS I, LLC,**<br><br>**Defendants.** | **Case No. 1:25-cv-22910** |

**JOINT MOTION OF DEFENDANTS SANITAS USA, INC. AND GUIDEWELL-SANITAS I, LLC TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

PLAINTIFF'S ALLEGATIONS ........ 3

A. Plaintiff's Blanket Allegations of Wrongdoing by "Defendants" or "Sanitas." ........ 3
B. Plaintiff's "Representative Experience" Allegations. ........ 4
C. The Complaint's Incorporation of Plaintiff's Acknowledgment Form and of the Web Properties' Privacy Policy and Terms and Conditions. ........ 4

LEGAL STANDARD ........ 5

ARGUMENT ........ 5

I. Plaintiff's Complaint Is an Impermissible Shotgun Pleading. ........ 5
II. Plaintiff Has Not Plausibly Alleged Any Interception of His PII or PHI. ........ 7
III. Plaintiff's Acknowledgment of and Consent to the Web Properties' Privacy Policy and Terms and Conditions Bars Plaintiff's Claims. ........ 9

A. Plaintiff's Notice of and Consent to the Web Properties' Use of Tracking Technologies Bars His Claims. ........ 9
B. Plaintiff's Consent to the Web Properties' Term and Conditions Bars His Non-Intentional Claims (Counts IV-VII) Under the Express Release Clause ........ 12

IV. Plaintiff Has Failed to Plausibly Allege Each of His Claims ........ 13

A. Plaintiff Has Failed to Plead a Violation of the Electronic Communications Privacy Act (Count I) ........ 13
B. Plaintiff Fails to State a Claim Under the Florida Deceptive and Unfair Trade Practices Act (Count II). ........ 16
C. Plaintiff Fails to State a Claim for Intrusion Upon Seclusion (Count III) or Breach of Confidence (Count IV). ........ 17
D. Plaintiff Fails to State a Claim for Negligence (Count V). ........ 18
E. Plaintiff Fails to State a Claim for Breach of Implied Contract (Count VI) or Unjust Enrichment (Count VII). ........ 19

CONCLUSION ........ 20

REQUEST FOR HEARING ........ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 21st Century Oncology Customer Data Sec. Breach Litig.*,
380 F. Supp. 3d 1243 (M.D. Fla. 2019)....................18

*AECOM Tech. Servs., Inc. v. Pro. Servs. Indus., Inc.*,
580 F. Supp. 3d 1176 (M.D. Fla. 2021)....................19

*Allstate Ins. Co. v. Ginsberg*,
863 So. 2d 156 (Fla. 2003)....................17

*Am. Hosp. Ass'n v. Becerra*,
738 F. Supp. 3d 780 (N.D. Tex. 2024)....................9

*Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*,
77 F.3d 364 (11th Cir. 1996)....................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................5

*Austin v. Atlina*,
No. 20-CV-6363-YGR, 2021 WL 6200679 (N.D. Cal. Dec. 22, 2021)....................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5

*Bradley v. Cty. of St. Cloud*,
No. 6:12–cv–1348–Orl–37TBS, 2013 WL 3270403 (M.D. Fla. June 26, 2013)....................17

*In re Brinker Data Incident Litig.*,
No. 3:18-CV-686-J-32MCR, 2020 WL 691848 (M.D. Fla. Jan. 27, 2020)....................17

*Brown v. Learfield Commc'ns*,
No. 1:23-CV-00374-DAE, 2024 WL 3676709 (W.D. Tex. June 27, 2024)....................14

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
238 F. Supp. 3d 1359 (S.D. Fla. 2017)....................19, 20

*Burrows v. Purchasing Power, LLC*,
No. 1:12-CV-22800-UU, 2012 WL 9391827 (S.D. Fla. Oct. 18, 2012)....................18

*Caro v. Weintraub*,
618 F.3d 94 (2d Cir. 2010)....................14

*Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*,
No. 17-cv-22462-UU, 2018 WL 7287192 (S.D. Fla. Jan. 31, 2018)........................................6

*Coastal Physician Services of Broward County*, *Inc. v. Ortiz*,
764 So. 2d 7 (Fla. 4th DCA 1999)..........................................................................16

*Cooper v. Meridian Yachts, Ltd.*,
575 F.3d 1151 (11th Cir. 2009)..........................................................................12

*Crenshaw v. Lister*,
556 F.3d 1283 (11th Cir.2009)..........................................................................10

*Doe v. Genesis Health Sys.*,
No. 4:23-CV-04209-JEH, 2025 WL 1000192 (C.D. Ill. March 18, 2025)..............................15

*Doe v. Kaiser Found. Health Plan*, *Inc.*,
No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024)................................16

*In re Doubleclick Inc. Priv. Litig.*,
154 F. Supp. 2d 497 (S.D.N.Y. 2001)..........................................................................15

*Fla. Pub. Co. v. Fletcher*,
340 So. 2d 914 (Fla. 1976)..........................................................................17

*In re Fortra File Transfer Software Data Sec. Breach Litig.*,
749 F. Supp. 3d 1240 (S.D. Fla. 2024)..........................................................................16

*Fox v. Loews Corp.*,
309 F. Supp. 3d 1241 (S.D. Fla. 2018)..........................................................................6

*Garcia v. Gravity Interactive, Inc.*,
No. 10–62162–Civ–COOKE/TURNOFF, 2012 WL 13005342 (S.D. Fla. Jan. 17, 2012)..........................................................................7

*Gilfus v. McNally Capital, LLC*,
No. 8:18-cv-2941-CEH-CPT, 2022 WL 4079587 (M.D. Fla. Sept. 6, 2022)............................5

*Goulart v. Cape Cod Healthcare, Inc.*,
No. CV 25-10445-RGS, 2025 WL 1745732 (D. Mass. June 24, 2025)................................14

*Grenon v. Bradshaw*,
No. 21-CV-81277, 2022 WL 493690 (S.D. Fla. Jan. 24, 2022), *report and recommendation adopted*, No. 21-81277-CIV, 2022 WL 493097 (S.D. Fla. Feb. 17, 2022)..........................................................................7

*Guin v. Cty. of Riviera Beach*,
388 So. 2d 604 (Fla. Dist. Ct. App. 1980)..........................................................................17

*Hannant v. Culbertson*,
No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) ........................9

*Hartley v. Univ. of Chicago Med. Ctr.*,
No. 22 C 5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023)..................................................9

*In re HCA Healthcare, Inc. Data Sec. Litig.*,
No. 3:23 CV 684, 2024 WL 3857330 (M.D. Tenn. Aug. 15, 2024).......................................19

*Hinely v. Fla. Motorcycle Training, Inc.*,
70 So. 3d 620 (Fla. Dist. Ct. App. 2011) ..............................................................................13

*Holding Co. of the Villages, Inc. v. Little John's Movers & Storage, Inc.*,
No. 5:17-CV-187-OC-34PRL, 2017 WL 6319549 (M.D. Fla. Dec. 11, 2017).........................7

*Horsley v. Feldt*,
304 F.3d 112 (11th Cir. 2002) ................................................................................................5

*Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*,
932 F. Supp. 2d 1336 (S.D. Fla. 2013) ..................................................................................10

*Jackson v. Bank of Am., N.A.*,
898 F.3d 1348 (11th Cir. 2018) ..............................................................................................1

*Jimenez v. ViaCord, LLC*,
No. 21-61805-CIV, 2022 WL 4271337 (S.D. Fla. Sept. 15, 2022).........................................19

*Katz-Lacabe v. Oracle*,
668 F. Supp. 3d 928 (N.D. Cal. 2023)....................................................................................14

*Kirch v. Embarq Mgmt. Co.*,
No. 10-CV-2047-JAR, 2011 WL 3651359 (D. Kan. Aug. 19, 2011), *aff'd*, 702 F.3d 1245 (10th Cir. 2012) ..................................................................................................11

*Kurowski v. Rush Sys. for Health*,
659 F. Supp. 3d 931 (N.D. Ill. 2023)......................................................................................18

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025)..................................................................................11

*Lane v. Cap. Acquisitions & Mgmt. Co.*,
No. 04-60602 CIV, 2006 WL 4590705 (S.D. Fla. Apr. 14, 2006)...........................................6

*Loewe v. Seagate Homes, Inc.*,
987 So. 2d 758 (Fla. Dist. Ct. App. 2008) ..............................................................................13

*Lucas v. Fox News Network, LLC*,
No. 00-14519, 2001 WL 100181 (11th Cir. 2001) .................................................................15

*Magluta v. Samples*,
256 F.3d 1282 (11th Cir. 2001) ....................5, 6, 7

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ....................15

*Millennium Communications & Fulfillment, Inc. v. Office of Attorney General*,
761 So. 2d 1256 (Fla. 3d DCA 2000) ....................16

*Mortensen v. Bresnan Commc'n, L.L.C.*,
No. 10-CV-0013-BLG-RFC, 2010 WL 5140454 (D. Mont. Dec. 13, 2010) ....................12

*Muransky v. Godiva Chocolatier, Inc.*,
979 F.3d 917 (11th Cir. 2020) (en banc) ....................18

*Murphy v. Thomas Jefferson Univ. Hosps., Inc.*,
No. CV 22-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023)....................8

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016)....................14

*Noshirvan v. Couture*,
No. 2:23-CV-1218-JES-KCD, 2025 WL 1769669 (M.D. Fla. June 26, 2025) ....................5

*Okash v. Essentia Health*,
No. 23-482, 2024 WL 1285779 (D. Minn. Mar. 26, 2024) ....................16

*Payne v. Norwest Corp.*,
911 F. Supp. 1299 (D. Mont. 1995), *aff'd in part and rev'd in part*, 113 F.3d 1079 (9th Cir.1997)....................15

*Pet Supermarket, Inc. v. Eldridge*,
360 So. 3d 1201 (Fla. Dist. Ct. App. 2023) ....................17

*Petrovic v. Princess Cruise Lines, Ltd.*,
No. 12-21588-CIV, 2012 WL 3026368 (S.D. Fla. July 20, 2012) ....................6

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) ....................18

*Roberts v. Charlotte Mecklenburg Hosp. Auth.*,
No. 3:24-CV-00382-KDB-SCR, 2025 WL 880538 (W.D.N.C. Mar. 20, 2025)....................15

*Rodriguez v. FastMed Urgent Care, PC.*,
741 F. Supp. 3d 352 (E.D.N.C. 2024)....................15

*Roe v. Amgen Inc.*,
No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024)....................15

*Rollins, Inc. v. Butland*,
951 So. 2d 860 (Fla. Dist. Ct. App. 2006) ....................16

*Santoro v. Tower Health*,
No. CV 22-4580, 2024 WL 1773371 (E.D. Pa. Apr. 24, 2024), *reconsideration denied*, No. CV 22-4580, 2024 WL 4771398 (E.D. Pa. Nov. 13, 2024) ....................8

*Smith v. Facebook, Inc.*,
745 F. App'x 8 (9th Cir. 2018) ....................9

*Smith v. Spizzirri*,
601 U.S. 472 (2024)....................1

*Southworth & McGill, P.A. v. S. Bell Tel. & Tel. Co.*,
580 So. 2d 628 (Fla. Dist. Ct. App. 1991) ....................13

*Spilfogel v. Fox Broad. Co.*,
433 F. App'x 724 (11th Cir. 2011) ....................17

*Stein v. Marquis Yachts, LLC*,
No. 14-24756-CIV, 2015 WL 1288146 (S.D. Fla. Mar. 20, 2015) ....................16

*Stevens v. TD Bank, N.A.*,
No. CV 24-8311, 2025 WL 1779164 (D.N.J. June 27, 2025) ....................9

*Sussman v. Am. Broadcasting Corp., Inc.*,
186 F.3d 1200 (9th Cir. 1999) ....................15

*T.D. v. Piedmont Healthcare, Inc.*,
23-CV-5416-TWT, 2024 WL 3972984 (N.D. Ga. Aug. 28, 2024) ....................14

*Tatum v. X Corp.*,
733 F. Supp. 3d 453 (E.D.N.C. 2024)....................5

*Technolojoy, LLC v. BHPH Consulting Servs., LLC*,
No. 19-23770-CIV, 2021 WL 8566755 (S.D. Fla. May 14, 2021)....................19

*Teeter v. Easterseals-Goodwill N. Rocky Mountain, Inc.*,
No. CV-22-96-GF-BMM, 2023 WL 2330241 (D. Mont. Mar. 2, 2023)....................18

*Temple v. Best Rate Holdings LLC*,
360 F. Supp. 3d 1289 (M.D. Fla. 2018)....................11

*TYR Tactical, LLC v. Protective Prods. Enters., LLC*,
No. 15-CV-61741, 2016 WL 10647315 (S.D. Fla. Oct. 13, 2016), *aff'd*, 711 F. App'x 968 (11th Cir. 2017) ....................13

*Vitacost.com, Inc. v. McCants*,
210 So. 3d 761 (Fla. Dist. Ct. App. 2017) ....................11

*W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*,
287 F. App'x 81 (11th Cir. 2008) ....................6

*Washington v. Flixbus, Inc.*,
No. 3:25-CV-00212-H-MSB, 2025 WL 1592961 (S.D. Cal. June 5, 2025) ....................11

*Weiland v. Palm Beach Cty. Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) ....................1, 2, 5, 6, 7

*White Const. Co. v. Martin Marietta Materials, Inc.*,
633 F. Supp. 2d 1302 (M.D. Fla. 2009) ....................19

*Williams v. Google*, *LLC*,
No. 4:20-CV-685-ALM-KPJ, 2021 WL 3612300 (E.D. Tex. July 16, 2021),
*report and recommendation adopted*, No. 4:20-CV-685-ALM-KPJ, 2021 WL
3603769 (E.D. Tex. Aug. 13, 2021) ....................17

*Williams v. Obstfeld*,
314 F.3d 1270 (11th Cir. 2002) ....................7

*Williams v. TMC Health*,
No. CV-23-00434-TUC-SHR, 2024 WL 4364150 (D. Ariz. Sept. 30, 2024) ....................15

*In re Yahoo Mail Litigation*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ....................11

**Statutes**

Electronic Communication Privacy Act
Pub. L. No. 99-508, 18 U.S.C. § 2510 *et seq.* ....................2, 11, 12, 13, 14, 15

Florida Deceptive and Unfair Trade Practices Act
Fla. Stat. § 501.0201 *et seq.* ....................3, 16

Health Insurance Portability and Accountability Act
Pub. L. No. 104-191, 42 U.S.C. § 1320d-6 ....................3, 4, 9, 15, 16, 18, 19

**Other Authorities**

Federal Rule of Civil Procedure 8 ....................1, 5

Federal Rule of Civil Procedure 12 ....................5

Local Rule 7.1 ....................1

Defendants Sanitas USA, Inc. ("Sanitas USA") and Guidewell-Sanitas I, LLC ("Guidewell-Sanitas") (collectively, "Defendants") in the alternative to their pending Motion to Compel Arbitration,[1] move to dismiss Plaintiff's Class Action Complaint ("Complaint" or "Compl.") pursuant to Fed. R. Civ. P. 8 and 12(b)(6) and Local Rule 7.1, stating as follows:

## PRELIMINARY STATEMENT

Plaintiff's sprawling, shotgun-style Complaint is long on grouped allegations and conclusory assertions regarding the use of "Tracking Tools" by "Defendants" on certain "Web Properties," and their putative implications for patient privacy. But it is conspicuously short on plausible factual allegations with respect to what each Defendant allegedly did wrong, whether and how the named Plaintiff, Yousef Alhindi ("Plaintiff"), experienced any actual interception, disclosure, or misuse of his personally identifiable information ("PII") or protected health information ("PHI"), or how Plaintiff's allegations set out a claim under federal or state law.

*First*, Plaintiff's Complaint is an impermissible "shotgun pleading," which the Eleventh Circuit "has filled many pages of the Federal Reporter condemning[.]" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). The Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Plaintiff groups two Defendants, Sanitas USA and Guidewell-Sanitas, under the blanket term "Sanitas," and further lumped in a third out-of-state Defendant, Meharry Health Network P.C. ("Meharry"), [2] based on a speculative "information and belief" assertion that these grouped

[1] The Court's consideration of the Motion to Compel Arbitration necessarily precedes consideration of this motion to dismiss, and therefore the Court should only consider the motion to dismiss, if at all, following consideration of the Motion to Compel Arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024).

[2] Plaintiff voluntarily dismissed Meharry on October 6, 2025. *See* ECF No. 25.

"Defendants" purportedly operate the brand "Sanitas Medical Center" as "a joint venture" and control its "Web Properties" jointly. Compl. n.1 & ¶ 25. Plaintiff then proceeds for 334 paragraphs to attribute all acts and omissions to "Sanitas" or "Defendants" collectively, without alleging at all what each Defendant purportedly did wrong. Compounding this impermissible pleading practice, each count incorporates by reference all preceding allegations, leaving each claim "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

*Second*, the Complaint's "representative experience" allegations as to Plaintiff do not plausibly allege any actual interception, disclosure, or misuse of his PII or PHI, but instead rest upon impermissible conclusory assertions and screen shots of other users' purported experiences.

*Third*, the Complaint incorporates the Web Properties' Privacy Policy and Terms and Conditions, but omits to mention that these incorporated policies and terms gave notice of, and Plaintiff expressly consented to, the Web Properties' use of Tracking Technologies to send him advertisements, precluding Plaintiffs' claims. Plaintiff likewise agreed to the Terms and Conditions' valid and enforceable express release clause, also barring his claims.

*Fourth*, Plaintiff fails to allege plausible facts sufficient to support each of his asserted claims:

Plaintiff does not allege a plausible violation of the Electronic Communications Privacy Act ("ECPA"), because his allegations fall within the ECPA's party communication or one-party consent exclusions, and Plaintiff fails to plead facts supporting the crime-tort exception.

Plaintiff does not allege a plausible violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because it does not apply to non-Florida residents based on conduct outside of Florida and thus is inapplicable to Plaintiff. Plaintiff also does not allege actual damages.

Plaintiff's intrusion upon seclusion and breach of confidence claims fail based on Plaintiff's consent and failure to allege an intrusion upon his private quarters.

Plaintiff's negligence claim cannot be sustained because he fails to alleged any of the requisite elements of duty, breach, causation, or damages.

Plaintiff's breach of implied contract claim is improperly based on a HIPAA Notice of Privacy Practices, which is not a contractual obligation. And his unjust enrichment claim is duplicative and fails to plausibly allege Defendants' retention of an unjust benefit.

## PLAINTIFF'S ALLEGATIONS

### A. Plaintiff's Blanket Allegations of Wrongdoing by "Defendants" or "Sanitas."

Plaintiff, a Tennessee resident, alleges "Defendants" or "Sanitas" installed third-party "Tracking Tools" on certain "Web Properties," including but not limited to the Meta Pixel, Google Analytics, Google DoubleClick Ads, and Google Tag Manager, and thereby disclosed patients' PII and PHI to third parties. *See, e.g.*, Compl. ¶¶ 1, 7, 10-11, 21-24, 36, 74, 111-12, 247-48. Plaintiff alleges that "Sanitas" designed the Web Properties to disclose unique identifiers, IP addresses, and other identifiers in violation of the Health Insurance Portability and Accountability Act ("HIPAA"), state laws, industry standards, and patient expectations. *Id*. ¶ 10. Plaintiff further alleges "Sanitas" violated its Notice of Privacy Practices by unlawfully disclosing Plaintiff's and Class Members' PII and PHI to Facebook, Google and "likely" other third parties without written authorization. *Id.* ¶¶ 111-112. Plaintiff asserts in conclusory fashion that these interceptions were intentional and "for the purpose of committing a tortious or criminal act." *Id.* ¶¶ 247-248.

Plaintiff's allegations do not differentiate between the three named Defendants, Sanitas USA, Guidewell-Sanitas, or Meharry. Instead, Plaintiff asserts on "information and belief" that "Defendants" collectively operate the brand "Sanitas Medical Center" as "a joint venture" and control its "Web Properties" jointly. *Id*. n.1 & ¶ 25. Plaintiff alleges no facts supporting the

existence of this putative "joint venture." Indeed, other than alleging each Defendant's state of incorporation and principal place of business, *see id.* ¶¶ 22-24, 27, every allegation of the Complaint is directed to "Defendants" or "Sanitas" collectively. *See* generally *id.*

**B. Plaintiff's "Representative Experience" Allegations.**

Plaintiff alleges that on multiple occasions he "accessed Sanitas' Web Properties on his phone to receive healthcare services from Sanitas," and most recently in December 2023. *Id.* ¶¶ 21, 187-88. Plaintiff alleges in broad conclusory strokes that these searches revealed his PHI through URLs, as well as unspecified selected providers, insurance information, information about medications prescribed, and medical conditions. *Id*. ¶¶ 189-90. Plaintiff also asserts he received unidentified targeted advertisements through Google and Facebook. *Id.* ¶¶ 152-53, 157, 191, 203. Although the Complaint purports to depict screen shots allegedly taken of the Web Properties, it does not attribute these screen shots to Plaintiff. *See id*., Figures 1-11 at pp. 19-26.

**C. The Complaint's Incorporation of Plaintiff's Acknowledgment Form and of the Web Properties' Privacy Policy and Terms and Conditions.**

Plaintiff acknowledges he read and signed an acknowledgment of receipt of the Web Properties' Privacy Policy. Compl. ¶ 193; *see also id*. ¶ 6 n.5 (providing link to Web Properties' login screen, Privacy Policy, and Terms and Conditions). Plaintiff's Complaint repeatedly references the Privacy Policy and the HIPAA Notice of Privacy Practices as bases for Plaintiff's claims. *See, e.g.,* Compl. ¶¶ 6 n.5, 103-113 & n. 26, 214, 262, 269. The referenced and incorporated acknowledgment form, Privacy Policy, Terms and Conditions, and HIPAA Notice of Privacy Practices are attached as Exhibits 1, 2, 3, and 4. The Court may consider these documents under the incorporation-by-reference doctrine because they are central to Plaintiff's claim and their contents is undisputed. *See Horsley v. Feldt*, 304 F.3d 112, 1134-1135 (11th Cir. 2002).[3]

[3] In addition, federal courts frequently take judicial notice of website terms and conditions. *See Gilfus v. McNally Capital, LLC*, No. 8:18-cv-2941-CEH-CPT, 2022 WL 4079587 (M.D. Fla. Sept.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts that sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). "Factual allegations must be enough to raise a right to relief above a speculative level." *Id*. A complaint that lacks sufficient facts to cross the line "from conceivable to plausible" should be dismissed. *Id*. at 570.

## ARGUMENT

### I. Plaintiff's Complaint Is an Impermissible Shotgun Pleading.

The Court should dismiss Plaintiff's Complaint in its entirety because it is a "quintessential 'shotgun' pleading[]" that defies Rule 8's demand to provide a "'short and plain statement of the claim.'" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (quoting Fed. R. Civ. P. 8(a)(2)). The Complaint certainly cannot be described as "short" or "plain," spanning 70 pages and 334 paragraphs. *See id*. at 1284 (rejecting as a shotgun pleading a 58-page complaint making 146 allegations). Characteristic of shotgun pleadings, the Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321-23. The Eleventh Circuit has identified four "sins" denying "adequate notice" to defendants, two of which are relevant here. *Id*. at 1323. Plaintiff's Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for

6, 2022) ("[n]umerous courts, including our sister courts, have taken judicial notice of web pages available through the WayBack Machine"); *Noshirvan v. Couture*, No. 2:23-CV-1218-JES-KCD, 2025 WL 1769669, at *11 (M.D. Fla. June 26, 2025); *Tatum v. X Corp*., 733 F. Supp. 3d 453, 459 (E.D.N.C. 2024).

which acts or omissions" and is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322-23.

First, every allegation of the Complaint is asserted collectively against "Defendants" or "Sanitas," lumping separate Defendants together and "making no distinction among the … defendants charged." *Magluta*, 256 F.3d at 1284. Such "generalized allegations 'lumping' multiple defendants together are insufficient." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008); *see also Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (same). As a result, "the individual defendants cannot determine from the face of the Complaint [for] which acts or omissions the Plaintiffs seek to hold each of them liable." *Lane v. Cap. Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006); *see also Petrovic v. Princess Cruise Lines, Ltd.*, No. 12-21588-CIV, 2012 WL 3026368, at *3 (S.D. Fla. July 20, 2012) (complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct' fails to satisfy Rule 8").

Plaintiff cannot salvage this impermissible pleading by asserting "on information and belief" that Defendants are "a joint venture." Compl. n.1 & ¶ 25. A party cannot plead around the restraint on shotgun pleading merely by grouping "separate corporations" together under a common label without pleading facts elucidating the "complicated corporate relationship between Defendants" and separately alleging each Defendant's responsibility. *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 17-cv-22462-UU, 2018 WL 7287192, at *7 (S.D. Fla. Jan. 31, 2018). Pleading a joint venture requires the allegation of facts, not merely reciting the words "joint venture" on "information and belief." *Holding Co. of the Villages, Inc. v. Little John's Movers & Storage, Inc.*, No. 5:17-CV-187-OC-34PRL, 2017 WL 6319549, at *7 (M.D. Fla. Dec. 11, 2017) (finding "conclusory allegation" upon "information and belief" that "all Defendants" were "in a

joint venture" was "insufficient to plead a joint venture") (quoting *Garcia v. Gravity Interactive, Inc.*, No. 10–62162–Civ–COOKE/TURNOFF, 2012 WL 13005342, at *9 (S.D. Fla. Jan. 17, 2012) (internal citation omitted)). Plaintiff has alleged no facts setting out a joint venture between Sanitas USA, Guidewell-Sanitas, and Meharry. *See Williams v. Obstfeld*, 314 F.3d 1270, 1275-76 (11th Cir. 2002) (under Florida law, a joint venture requires "(1) a common purpose; (2) a joint proprietary interest in the subject matter; (3) the right to share profits and duty to share losses, and (4) joint control or right of control"). His assertion of the existence of such a joint venture on "information and belief" is "not entitled to the assumption of truth." *Grenon v. Bradshaw*, No. 21-CV-81277, 2022 WL 493690, at *3 (S.D. Fla. Jan. 24, 2022), *report and recommendation adopted*, No. 21-81277-CIV, 2022 WL 493097 (S.D. Fla. Feb. 17, 2022).

Exacerbating Plaintiff's impermissible shotgun pleading, the Complaint commits "the mortal sin of re-alleging all preceding counts," whereby "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Here, each count of the Complaint adopts every allegation of every count preceding it, *See* Compl. ¶¶ 227, 266, 280, 293, 300, 313, 326. Most of those allegations "could not possibly be material to th[e] specific count." *Magluta*, 256 F.3d at 1284. As a result, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Complaint should therefore be dismissed.

## II. Plaintiff Has Not Plausibly Alleged Any Interception of His PII or PHI.

Plaintiff's "representative experience" allegations are vague and conclusory, and fail to plausibly allege facts demonstrating the core contention of the Complaint as to this Plaintiff, i.e. that there was any disclosure of this Plaintiff's PII or PHI or the contents of his communications. *See* Compl. ¶¶ 1, 186-208. The Complaint alleges no specific instances in which Plaintiff's PII or

PHI were transferred to third parties, when such transfers occurred, or their contents. Plaintiff does not allege, for example, that any of the screen shots depicted in the Complaint were taken from Plaintiff's sessions or contain information belonging to Plaintiff. *See id.*, Figures 1-11 at pp. 19-26. Rather, Plaintiff generally alleges that he "used Sanitas' Web Properties to request and book doctor's appointments for himself, request referrals for other practitioners, view lab results, as well as search for and communicated PHI related to his need for medical care for multiple sinus infections," and asserts in conclusory fashion that his "PHI and PII was [sic] intercepted, disclosed, viewed, analyzed and used by unauthorized third parties," referencing unspecified identifiers and "health and medical information." *Id.* ¶¶ 188, 194-95. The Complaint does not allege the pages he visited, when and whether he logged into his patient account, or whether he even visited any of the pages reflected in the Complaint's screen shots.

Plaintiff's assertions fall short of a plausible factual allegation that any Defendant intercepted or transmitted his PII or PHI to any third party. General allegations of the transmittal of "medical symptoms, conditions, and concerns, medical appointments, medical tests and test results, doctors' visit notes, medications and treatments, and health insurance and medical bills" do not satisfy *Iqbal* and "more is required to withstand dismissal." *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. CV 22-4674, 2023 WL 7017734, at *3 (E.D. Pa. Oct. 10, 2023). "The specifics are essential to convert a case like this from a law-school hypothetical to an actionable dispute." *Santoro v. Tower Health*, No. CV 22-4580, 2024 WL 1773371, at *1 (E.D. Pa. Apr. 24, 2024), *reconsideration denied*, No. CV 22-4580, 2024 WL 4771398 (E.D. Pa. Nov. 13, 2024) (dismissing second amended complaint without leave to amend because patient-plaintiff's allegations said nothing as to what pages he visited).[4] A recitation of Plaintiff's "browsing history"

[4] *See also Hannant v. Culbertson*, No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025).

does not plead a violation of HIPAA absent a plausible factual connection to his PHI. *Smith v. Facebook*, *Inc*., 745 F. App'x 8, 9 (9th Cir. 2018) (noting the "connection between a person's browsing history and his or her own state of health is too tenuous" to support Plaintiffs' claims defendant violated HIPAA); *Am. Hosp. Ass'n v. Becerra,* 738 F. Supp. 3d 780, 789 (N.D. Tex. 2024) (vacating Department of Health and Human Services guidance stating that HIPAA obligations can attach to "online technology" that connects an individual's IP address to their visits to certain public webpages); *see also Hartley v. Univ. of Chicago Med. Ctr*., No. 22 C 5891, 2023 WL 7386060, at *2 (N.D. Ill. Nov. 8, 2023) (noting "absolute dearth of information specific to Plaintiff as what was disclosed to Facebook that would plausibly be in violation of HIPAA"). Here, too, "there are no well-plead allegations" as to what personal information "belonging to Plaintiff was allegedly improperly disclosed[.]" *Stevens v. TD Bank, N.A*., No. CV 24-8311 (RMB/AMD), 2025 WL 1779164, at *6 (D.N.J. June 27, 2025).

## III. Plaintiff's Acknowledgment of and Consent to the Web Properties' Privacy Policy and Terms and Conditions Bars Plaintiff's Claims.

Plaintiff attempts to cherry-pick portions of the Web Properties' Privacy Policy, while largely ignoring the Web Properties' Terms and Conditions beyond acknowledging that he read and signed them. *See* Compl. ¶¶ 6 n.5, 103-113 & n. 26, 214, 262, 269; *see also* Exs. 1-4. But read in their entirety, the Privacy Policy and Terms and Conditions preclude Plaintiff's claims on grounds of consent and express release.

### A. Plaintiff's Notice of and Consent to the Web Properties' Use of Tracking Technologies Bars His Claims.

Contrary to Plaintiff's repeated conclusory assertions that Tracking Tools operated on the Web Properties without consent, *see, e,g.,* Compl. ¶¶ 15, 18, 77, 81, 88, 102, 113, 143, 148, 168, 196, 199-200, 202, 204, the Privacy Policy incorporated into Plaintiff's Complaint demonstrate

the opposite.[5] The Privacy Policy, which a user acknowledges and agrees to by checking a box as part of the account creation process to login to the mySanitas patient portal, "describes how Sanitas collects, uses, and discloses information" received "from visitors to our website (mysanitas.com), mobile applications, or mobile text alert services[.]" Ex. 2. It has a provision titled, "What Kind Of Information We Collect," describing how the site "may collect passive information from you that is not likely identifiable," and that "the purpose of collecting Anonymous Information is to improve the Site, your experience with the Site, and the experience for other users with the Site." Ex. 2. The provision lists information collected from users, including "Cookies and Other Tracking Technology," "IP Addresses" and "Surveys," and explains "How We Use The Information We Collect," including "Identifying you on our websites and tailoring advertisements and offers to you (both on our websites and on other websites) based on your interactions with us in our stores and online." Ex. 2. The Privacy Policy discloses in bold underlined print: "**<u>We May Share Some Information to Third Parties.</u>**" Ex. 2. It continues:

> We do not sell your personal information to any persons or organizations. We may share your personally identifiable information with third parties who we have engaged to help Us provide services. In each case, we will ensure that these third parties have agreed not to use or disclose your personal information except to help us provide the services. We will otherwise never share your personally identifiable information except for authorized law enforcement investigations or as otherwise permitted by applicable laws.

Ex. 2.

Plaintiff's acknowledgment and consent to these provisions, coupled with his signed agreement to the Privacy Policy, constitutes binding notice and precludes his claims. Because his acknowledgment "require[d] the user to physically manifest assent, the user is 'said to be put on

---

[5] In the event of a conflict between Plaintiff's allegations and the incorporated, the Privacy Policy governs, even where the exhibits "are attached to a motion to dismiss but are incorporated by reference" in the Complaint. *Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 932 F. Supp. 2d 1336, 1345 (S.D. Fla. 2013) (quoting *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir.2009)).

inquiry notice of the terms assented to." *Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1302 (M.D. Fla. 2018); *see also Vitacost.com, Inc. v. McCants*, 210 So. 3d 761, 763 (Fla. Dist. Ct. App. 2017) ("Clickwrap' agreements are generally enforceable."). Because Plaintiff was on affirmative notice of the Web Properties' use of Tracking Tools to transmit PII and PHI to third parties for advertising purposes, and consented thereto, his claims are barred in their entirety. *See Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053-1054 (N.D. Cal. 2025) (taking judicial notice defendant's cookie banner, account creation screen and checkout screen and finding plaintiff's consent defeated all claims with denial of leave to amend); *Washington v. Flixbus, Inc.,* No. 3:25-CV-00212-H-MSB, 2025 WL 1592961, at *4-5 (S.D. Cal. June 5, 2025) (dismissing claim where clickwrap Privacy Policy and Terms and Conditions explicitly notified users of the data practices at issue by disclosing the use of cookies and tracking pixels to track certain data and disclose that data to defendant's business partners, including marketing partners).

The case of *In re Yahoo Mail Litigation,* 7 F. Supp. 3d 1016 (N.D. Cal. 2014), is on point. There, plaintiffs agreed to the defendant's Privacy Policy "when they created an account" because they had to click a "Create Account" button with the sentence: "I agree to the Yahoo Terms and Privacy." *Id.* at 1029. Examining the consented-to terms, the court concluded the defendant had obtained "explicit consent" to scan and analyze emails for the purposes of providing personal product features and targeted advertising. *Id.* at 1030. Numerous courts have similarly recognized a click-through agreement to a privacy policy meets the consent terms of the ECPA. *See Kirch v. Embarq Mgmt. Co*., No. 10-CV-2047-JAR, 2011 WL 3651359, at *7-8 (D. Kan. Aug. 19, 2011), *aff'd*, 702 F.3d 1245 (10th Cir. 2012) (dismissing ECPA claim where plaintiff had clicked to agree to terms including the defendant's Privacy Policy); *Mortensen v. Bresnan Commc'n*, *L.L.C.*, No. 10-CV-0013-BLG-RFC, 2010 WL 5140454, at *3-5 (D. Mont. Dec. 13, 2010) (same).

### B. Plaintiff's Consent to the Web Properties' Term and Conditions Bars His Non-Intentional Claims (Counts IV-VII) Under the Express Release Clause.

Plaintiff's acknowledgment and agreement to the Web Properties' Terms and Conditions of Use further bars his non-intentional claims under its "Express Release" clause:

> You expressly hereby release and waive all claims against Keralty,[6] and its subsidiaries, affiliates, officers, agents, licensors, co-branders or other partners, and employees from ***any and all liability for claims, damages (actual and/or consequential), costs and expenses (including litigation costs and attorneys' fees)*** of every kind and nature, arising from or in any way related to Your use of Our App. You understand that any fact relating to any matter covered by this release may be found to be other than now believed to be true and You accept and assume the risk of such possible differences in fact. In addition, You expressly waive and relinquish any and all rights and benefits which You may have under any other state or federal statute or common law principle of similar effect, to the fullest extent permitted by law.

Ex. 3 § 20 (emphasis added).

This provision is valid and enforceable. Parties to a contract "are free to construct their own bargains, even limiting liability for future damages." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1166–67 (11th Cir. 2009) (explaining exculpatory clauses "have been found to be valid and enforceable by Florida courts where the intention is made clear and unequivocal"). Here, Plaintiff seeks to recover "actual and/or consequential" damages "arising from or in any related to" his use of the Web Properties, in contravention of the Express Release clause. Because that clause is "clear and unequivocal" and its wording is "so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away," it is enforceable as to Plaintiff's non-intentional claims. *TYR Tactical, LLC v. Protective Prods. Enters., LLC*, No. 15-CV-61741, 2016 WL 10647315, at *7 (S.D. Fla. Oct. 13, 2016), *aff'd*, 711 F. App'x 968 (11th Cir. 2017) (quoting *Hinely v. Fla. Motorcycle Training, Inc.*, 70 So. 3d 620, 624 (Fla. Dist. Ct. App. 2011); *Southworth & McGill, P.A. v. S. Bell Tel. & Tel. Co.*, 580 So. 2d 628, 634 (Fla. Dist. Ct. App.

[6] The terms and conditions define "Keralty" to include the owner, operator, and licensor of the Web Properties, Keralty S.A.S., and its United States special purpose vehicle subsidiaries and their affiliates, including Sanitas USA and Guidewell-Sanitas. *See* Ex. 3 at 1.

1991)); *cf. Loewe v. Seagate Homes, Inc.*, 987 So. 2d 758, 760 (Fla. Dist. Ct. App. 2008) (recognizing exculpatory clause cannot release an intentional tort).

## IV. Plaintiff Has Failed to Plausibly Allege Each of His Claims.

Plaintiff has also failed to plausibly allege each of his individual claims.

### A. Plaintiff Has Failed to Plead a Violation of the Electronic Communications Privacy Act (Count I).

Plaintiff's federal wiretap claim under the ECPA fails because, on the face of the Complaint, Plaintiff is seeking to sue Defendants for purportedly intercepting their own electronic communications directly between themselves and Plaintiff or other putative class members. *See* Compl. ¶¶ 231-32. That alone bars Plaintiff's ECPA claim under the statute's party communication exclusion or its one-party consent exclusion. The ECPA expressly provides that it "shall not be unlawful" for a person "to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act[.]" 18 U.S.C. § 2511(2)(d). Here, Plaintiff concedes that communications at issue are between himself and "Sanitas via Sanitas' Web Properties." Compl. ¶¶ 231-32. Plaintiff also affirmatively alleges that "Sanitas" installed and configured the Tracking Tools to intercept and disclose Plaintiff's and other patients' communications, indicating at least one party's consent.[7] *See id.* ¶¶ 46-91. Accordingly, Plaintiff's ECPA claim is excluded by both the party communication exclusion and the one-party consent exclusion. *See In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 275 (3d Cir. 2016) (affirming dismissal of ECPA claim because defendant was a party to the communications); *T.D. v. Piedmont Healthcare*, *Inc.*, :23-CV-5416-TWT, 2024 WL 3972984, at *4 (N.D. Ga. Aug. 28, 2024) (dismissing ECPA claim noting

---

[7] In fact, Plaintiff also consented, *see* § III *supra*, but one-party consent suffices under the ECPA.

"the weight of persuasive authority in similar pixel tracking cases" supported a finding of no interception where defendant was party to the communication); *Katz-Lacabe v. Oracle*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (exclusion bars ECPA claims against a party to the communication); *Brown v. Learfield Commc'ns*, No. 1:23-CV-00374-DAE, 2024 WL 3676709, *3-5 (W.D. Tex. June 27, 2024) (same).

Anticipating this deficiency in his claim, Plaintiff attempts to plead around the party communication and one-party consent exclusions by inserting a cursory conclusion that "Sanitas intentionally intercepted the contents of Plaintiff's and Class Members' electronic communications for the purpose of committing a tortious or criminal act[.]" Compl. ¶ 248. Merely parroting the words of the statutory crime-tort exception, however, does not suffice. *See Goulart v. Cape Cod Healthcare, Inc.,* No. CV 25-10445-RGS, 2025 WL 1745732, at *3 (D. Mass. June 24, 2025) (concluding plaintiffs failed to plausibly plead crime-tort exception because the "*Twombly-Iqbal* standard requires more than mere conclusory allegations"). The exception applies only when a "communication is intercepted for the purpose of committing any criminal or tortious act[.]" 18 U.S.C. § 2511(2)(d). To invoke the exception, therefore, Plaintiff must plausibly allege that Defendants (1) had the intent to commit (2) an independent crime or tort, separate from the interception itself. *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010).

Plaintiff alleges no plausible facts supporting application of the crime-tort exception. Plaintiff avers that "Sanitas intentionally used wire or electronic communications to increase its profit margins" and "used the Tracking Tools and Conversions API to track and utilize Plaintiff's and Class Members' PHI and PII for its own financial benefit." Compl. ¶ 244. But that allegation takes Plaintiff out of the exception, as "the crime-tort exception is inapplicable where a defendant's primary motivation is to make money rather than to injure plaintiffs tortiously or criminally." *Roe*

*v. Amgen Inc.*, No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024); *see also In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) (same); *Williams v. TMC Health*, No. CV-23-00434-TUC-SHR, 2024 WL 4364150, at *4 (D. Ariz. Sept. 30, 2024) (same); *Doe v. Genesis Health Sys.*, No. 4:23-CV-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. March 18, 2025) (same).

Nor can Plaintiff invoke the crime-tort exception merely by asserting that the alleged transmittals violated HIPAA. The ECPA's "legislative record suggests that the element of 'tortious' or 'criminal' *mens rea* is required to establish a prohibited purpose under § 2511(2)(d)." *In re Doubleclick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 515 (S.D.N.Y. 2001). The focus "is not upon whether the interception itself violated another law; it is upon whether the ***purpose*** for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broadcasting Corp., Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999) (emphasis added); *see also In Lucas v. Fox News Network, LLC*, No. 00-14519, 2001 WL 100181, at *4 (11th Cir. 2001) (same); *Payne v. Norwest Corp.*, 911 F. Supp. 1299, 1304 (D. Mont. 1995) (same), *aff'd in part and rev'd in part*, 113 F.3d 1079 (9th Cir. 1997). Courts have dismissed similar ECPA claims. *See Rodriguez v. FastMed Urgent Care, PC.*, 741 F. Supp. 3d 352, 363-364 (E.D.N.C. 2024) (holding that "merely alleging" interception and disclosure of personal information for "commercial use or gain" through tracking technologies does not establish the crime-tort exception); *Roberts v. Charlotte Mecklenburg Hosp. Auth.*, No. 3:24-CV-00382-KDB-SCR, 2025 WL 880538, at *2-3 (W.D.N.C. Mar. 20, 2025) (concluding HIPAA notice indicated lack of purpose to commit a crime or tort by violating HIPAA); *Doe v. Kaiser Found. Health Plan, Inc.,* No. 23-CV-02865-EMC, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024) (finding "collection of information itself was not for the purpose of committing a crime or tort" but "to use the information collected for market research and consumer

analysis”). The asserted violation of HIPAA also does not satisfy the requirement of an independent crime or tort, separate from the interception itself, because the alleged interception and alleged HIPAA violation are the same act. *See Okash v. Essentia Health*, No. 23-482 (JRT/LIB), 2024 WL 1285779, at *4-5 (D. Minn. Mar. 26, 2024).

### B. Plaintiff Fails to State a Claim Under the Florida Deceptive and Unfair Trade Practices Act (Count II).

Plaintiff’s claim under FDUTPA fails at the outset because the statute does not apply to non-Florida residents based on conduct that took place outside of Florida. *Stein v. Marquis Yachts, LLC*, No. 14-24756-CIV, 2015 WL 1288146, at *6 (S.D. Fla. Mar. 20, 2015) (citing *Millennium Communications & Fulfillment, Inc. v. Office of Attorney General*, 761 So. 2d 1256, 1262 (Fla. 3d DCA 2000); *Coastal Physician Services of Broward County, Inc. v. Ortiz*, 764 So. 2d 7, 8 (Fla. 4th DCA 1999) (stating that FDUTPA is “for the protection of in-state consumers”)). Here, Plaintiff is a Tennessee resident who accessed the Web Properties from his phone in Tennessee and from a Tennessee facility. Compl ¶¶ 21, 24. Thus, FDUTPA is inapposite.

Plaintiff also fails to allege actual damages. FDUTPA “does not apply to ‘a claim for damage to property other than the property that is the subject of the consumer transaction.” *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 749 F. Supp. 3d 1240, 1270 (S.D. Fla. 2024) (citation omitted). Damages constitute “the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.” *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006) (citation omitted). Here, Plaintiff does not allege any failure to receive the healthcare services he bargained for or any diminution in the value or quality of the healthcare he received, and thus alleges no damages. *See In re Brinker Data Incident Litig.*, No. 3:18-CV-

686-J-32MCR, 2020 WL 691848, at *13 (M.D. Fla. Jan. 27, 2020) (reasoning similarly in data breach case).

### C. Plaintiff Fails to State a Claim for Intrusion Upon Seclusion (Count III) or Breach of Confidence (Count IV).

Plaintiff's claim for intrusion upon his seclusion fails at the outset because Plaintiff consented to the Web Properties' Privacy Notice. *See* § III *supra*. Consent "is an absolute defense" to Plaintiff's claim. *Fla. Pub. Co. v. Fletcher*, 340 So. 2d 914, 917 (Fla. 1976); *see also Williams v. Google*, *LLC*, No. 4:20-CV-685-ALM-KPJ, 2021 WL 3612300, at *7 (E.D. Tex. July 16, 2021), *report and recommendation adopted*, No. 4:20-CV-685-ALM-KPJ, 2021 WL 3603769 (E.D. Tex. Aug. 13, 2021) (dismissing intrusion upon seclusion claim where plaintiffs used products and services "with knowledge and consent that Google may record their activities and make use of the data collected").

Plaintiff also fails to plausibly allege the requisite "intrusion upon the plaintiff's physical solitude or seclusion, as by invading his home[.]'" *Guin v. Cty. of Riviera Beach*, 388 So. 2d 604, 606 (Fla. Dist. Ct. App. 1980) (quoting W. Prosser, Torts s 117, P. 807 (4th ed. 1971)); *see also Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003). To state such a claim Florida law requires "an intrusion into a private place and not merely into a private activity." *Pet Supermarket, Inc. v. Eldridge*, 360 So. 3d 1201, 1207 (Fla. Dist. Ct. App. 2023) (quoting *Spilfogel v. Fox Broad. Co*., 433 F. App'x 724, 727 (11th Cir. 2011)). Accessing medical records is not such an intrusion. *See Bradley v. Cty. of St. Cloud*, No. 6:12–cv–1348–Orl–37TBS, 2013 WL 3270403, at *4-5 (M.D. Fla. June 26, 2013). Additionally, Plaintiff cannot allege that "Sanitas," as his health care providers, committed an "actual intrusion" upon his seclusion merely by providing health services. *Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931, 944 (N.D. Ill. 2023).

The breach of confidence claim likewise requires an "unconsented, unprivileged disclosure to a third party of nonpublic information that the defendant has learned within a confidential relationship." *Muransky v. Godiva Chocolatier*, *Inc*., 979 F.3d 917, 932 (11th Cir. 2020) (en banc) (citation omitted). Because Plaintiff consented, he cannot assert such a claim.

**D. Plaintiff Fails to State a Claim for Negligence (Count V).**

Plaintiff's negligence claim fails on the elements of duty, breach, causation, and damages. Plaintiff cannot assert a duty of care grounded in HIPAA, because "there is no private right of action under HIPAA," and therefore a HIPAA-based claim "is not cognizable under common law." *Austin v. Atlina*, No. 20-CV-6363-YGR, 2021 WL 6200679, at *3 (N.D. Cal. Dec. 22, 2021); *see also Teeter v. Easterseals-Goodwill N. Rocky Mountain*, *Inc*., No. CV-22-96-GF-BMM, 2023 WL 2330241, at *4 (D. Mont. Mar. 2, 2023) (dismissing negligence per se cause of action based on HIPAA). Plaintiff also does not allege a breach, as he has not plausibly alleged the transmittal of any of his PII or PHI. *See* § II *supra*.

Nor has Plaintiff alleged causation or actual damages. He alleges only that he has lost the "benefit of the bargain," the value of his information has been diminished, and that he has suffered emotional distress. *See* Compl. ¶ 309. But the "benefit of the bargain argument fails because [Plaintiff does] not adequately allege that [he has] paid money or property in exchange for a product or service, and have not received what they bargained for." *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 903 (C.D. Cal. 2024) (cleaned up). Further, courts have declined to recognize the supposed loss of the inherent value of personal data. *See Burrows v. Purchasing Power, LLC,* No. 1:12-CV-22800-UU, 2012 WL 9391827 (S.D. Fla. Oct. 18, 2012); *In re 21st Century Oncology Customer Data Sec. Breach Litig*., 380 F. Supp. 3d 1243, 1257 (M.D. Fla. 2019). And Plaintiff's boilerplate allegations that he has suffered "embarrassment, emotional distress, humiliation, and

loss of enjoyment of life" lack any facts to support them. Compl. ¶ 309; *see Jimenez v. ViaCord, LLC*, No. 21-61805-CIV, 2022 WL 4271337, at *7 (S.D. Fla. Sept. 15, 2022).

### E. Plaintiff Fails to State a Claim for Breach of Implied Contract (Count VI) or Unjust Enrichment (Count VII).

Because Plaintiff expressly consented to the disclosure of his PII and PHI to third parties under the express terms and conditions to which Plaintiff agreed, *see* § III *supra*, he cannot allege an implied contract to refrain from such disclosures. *See AECOM Tech. Servs., Inc. v. Pro. Servs. Indus., Inc.*, 580 F. Supp. 3d 1176, 1194 (M.D. Fla. 2021) ("[U]nder Florida law, when there is a valid contract governing the dispute, a plaintiff cannot recover under a contract implied by law—instead, the express contract governs"). Plaintiff's breach of implied contract claim disregards his express contract and is instead impermissibly based on the HIPAA Notice of Privacy Practices. Compl. ¶ 318. But that notice cannot supply the basis for an implied contract, because it is a declaration of statutory obligation, not a contractual obligation. *See Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017) ("Because the Defendants are required by law to adhere to HIPAA without receiving any consideration from the Plaintiff or any other patient, these provisions cannot create contractual obligations."); *In re HCA Healthcare, Inc. Data Sec. Litig.*, No. 3:23 CV 684, 2024 WL 3857330, at *5 (M.D. Tenn. Aug. 15, 2024) (same).

For similar reasons, Plaintiff's unjust enrichment claim fails. At the outset, unjust enrichment is duplicative of his implied-in-fact contract claim. *Technolojoy, LLC v. BHPH Consulting Servs., LLC*, No. 19-23770-CIV, 2021 WL 8566755, at *4 (S.D. Fla. May 14, 2021). Additionally, Plaintiff's acknowledgment of an express contract concerning the same subject matter—the disclosure of his PII or PHI—precludes his pursuit of an unjust enrichment claim under Florida law. *White Const. Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1332 (M.D. Fla. 2009) (collecting cases). And Plaintiff makes no allegation that he conferred a benefit

on any Defendant beyond the money owed for his medical treatment, and thus cannot plead the elements of unjust enrichment. *See Brush,* 238 F. Supp. 3d at 1369.

## CONCLUSION

For the foregoing reasons, Defendants ask the Court to dismiss the Complaint in its entirety, and to grant any other relief that the Court deems necessary or appropriate.

## REQUEST FOR HEARING

Defendants respectfully submit that a hearing and oral argument on the foregoing issues may assist the Court in evaluating the allegations of the Complaint and the grounds presented for dismissal in this motion, and therefore request a hearing on this motion to dismiss.

Dated: October 6, 2025

**COUNSEL FOR DEFENDANTS**

By: *Eva M. Spahn*

Eva M. Spahn (FL Bar No. 92063)
Angelika Hunnefeld (FL Bar No. 70246)
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717
Eva.Spahn@gtlaw.com
HunnefeldA@gtlaw.com

Gregory E. Ostfeld
(*pro hac vice pending*)
Meredith R. Mandell
(*pro hac vice pending*)
**GREENBERG TRAURIG, LLP**
360 North Green Street, Suite 1300
Chicago, IL 60607
(312) 456-8400
ostfeldg@gtlaw.com
Meredith.Mandell@gtlaw.com

*Attorneys for Defendants, Sanitas USA, Inc. and Guidewell-Sanitas I, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: *Eva M. Spahn*